United States District Court
for the
Southern District of Florida

| | |
|---|---|
| First Consultant Services, Inc. and Arthur J Morburger, Appellants, | )<br>)<br>) |
| v. | )    Bankruptcy Appeal |
| | )    Case No. 20-24663-RNS |
| Joel Tabas, as Trustee for the Chapter 7 Bankruptcy Estate of Barbara Stone, and others, Appellees. | )    (Adv. Proceeding No. 20-1071-LMI)<br>)<br>)<br>)<br>) |

### **Omnibus Order Denying Motions**

     Appellants First Consultant Services, Inc. and Arthur J Morburger's ("Morburger") filed their notice of appeal, appealing the bankruptcy court's final summary judgment against them, on November 12, 2020. (ECF No. 1.) On December 3, 2020, the bankruptcy court dismissed the appeal because Morburger had failed to timely file his designation of items for the record. (Bankr. Ct.'s Dismissal Order, ECF No. 7.) Two weeks later, Morburger filed a motion to vacate the dismissal, alleging the bankruptcy court had acted unlawfully in dismissing his appeal. (Morburger's Mot. to Vacate, ECF No. 8.) Appellee Joel Tabas, as Trustee, responded, explaining the bankruptcy court's dismissal was non-discretionary, mandated by the Bankruptcy Rules, the Court's Local Rules, and the Bankruptcy Court's Local Rules. (Appellee's Resp., ECF No. 9.) Tabas also maintains Morburger's arguments for vacatur are all meritless. In further support of his motion to vacate, Morburger also filed a "supplement" (ECF No. 10) and an affidavit (ECF No. 11). Thereafter Morburger filed a motion to "preclude lower court proceedings," in which he complains, among many other things, that this "Court's failure to immediately dismiss the illegal order has . . . failed to protect Morburger from harm as [Judge] Isicoff, acting without jurisdiction[,] continues to issue illegal void orders." (Morburger's Mot. to Preclude, ECF No. 13 ¶7.) Most recently, Debtor Barbara Stone filed an "emergency petition for mandatory remedy," in which she lists a litany of grievances which do not appear related to this appeal or its dismissal. (Stone's Mot., ECF No. 14.) The Court has carefully considered the motions, along with any associated briefing and filings, and, for the reasons that follow, **denies** them all (**ECF Nos. 8, 13, 14**).

     To begin with, as directed by Local Rule 87.4(c), the bankruptcy court properly dismissed Morburger's appeal when he failed to timely file a designation of the items for the record. (Bankr. Ct.'s Dismissal Order at 2; L. R. 87.4(c)

("[T]he Bankruptcy Court is authorized and *directed* to dismiss an appeal for appellant's . . . failure to file a designation of the items for the record . . . as required by Federal rule of Bankruptcy Procedure 8009, and Local Bankruptcy Rule 8009-1." (emphasis added)).) Morburger does not dispute that he missed this deadline. Instead, Morburger raises some eleven grounds that he says support vacating the dismissal. Although Morburger does not cite to the applicable legal standard, the Court nonetheless construes his request for relief as arising under Federal Rule of Civil Procedure 60(b). After review, the Court finds Morburger's motion wholly unavailing.

First, Morburger's motion fails to comply with the pre-filing conference requirement set forth in Local Rule 7.1(a)(3) and is due to be dismissed for that reason alone. Second, Morburger's motion fails on its merits. Relief granted under Rule 60(b) is only afforded upon the demonstration of exceptional circumstances, *Tucker v. Commonwealth Land Title Ins. Co.*, 800 F.2d 1054, 1056 (11th Cir. 1986), none of which are present here.

To be sure, Morburger has failed to present any support for his insistence that (1) the bankruptcy court violated Morburger's due-process rights by dismissing his appeal; (2) the bankruptcy court lacked jurisdiction to dismiss his appeal; or (3) Judge Isicoff is disqualified from dismissing his appeal. Further, Morburger's complaints about communications with the Clerk that he asserts were misleading are meritless. To begin with, there is nothing misleading about the communications he describes. Additionally, to the extent Morburger claims excusable neglect, he has presented nothing that would warrant the Court's relieving him of the consequences of his own failure to comply with a deadline. *See, e.g., Advanced Estimating Sys., Inc. v. Riney*, 130 F.3d 996, 998 (11th Cir. 1997) ("[A]n attorney's misunderstanding of the plain language of a rule cannot constitute excusable neglect such that a party is relieved of the consequences of failing to comply with a statutory deadline.").

Because the Court denies Morburger's motion to vacate, the Court **denies as moot** both Morburger's motion "to preclude lower court proceedings" (**ECF No. 13**) and Stone's petition "for mandatory remedy"[1] (**ECF No. 14**). Both motions are based primarily on the movants' errant contention that the bankruptcy court's dismissal should be vacated. Further, neither motion

---

[1] Stone identifies her petition as an emergency but failed to comply with Local Rule 7.1(d) by setting "forth in detail the nature of the emergency, the date by which a ruling is necessary, and the reason the ruling is needed by the stated date." Nor did she include a certification that her motion was a true emergency. L.R. 7.1(d). The Court denies her motion on this basis as well. Further, the Court warns Stone that the "unwarranted designation of a motion as an emergency motion may result in sanctions." *Id.*

complies with the pre-filing conference requirement set forth in Local Rule 7.1(a)(3) and so are both **denied** for that reason as well.

 **Done and ordered** in Miami, Florida, on January 28, 2021.

                _____
                Robert N. Scola, Jr.
                United States District Judge